UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

STEPHANIE GREEN,

    Plaintiff,

v.

UNITED STEEL WORKERS INTERNATIONAL,

    Defendant.

NO. CV-07-5066-RHW

**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND**

Before the Court are Defendants' United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO•CLC, Vince Stroops, Claudia Kay Stroops, Jim Woodward and Doris Woodward Motion to Dismiss (Ct. Rec. 31) and Defendants' Hanford Atomic Metal Trades Counsel, Dave Molnaa, and Jill Molnaa Motion to Dismiss (Ct. Rec. 37). A telephonic hearing was held on the motions on March 4, 2008. Plaintiff was represented by Janet Taylor; Defendants were represented by Robert Mitchell, Daniel Hutzenbiler, Rebecca Smullin and Peter Nussbaum. The order is intended to memorialize and supplement the Court's oral ruling.

## BACKGROUND

The following statement of facts is taken from Plaintiff's complaint.

Plaintiff is a duly elected President of the United Steelworkers Local 12-369 in November, 2005. The former Executive Board of the Local refused to seat her, and the majority of the Board opposes here, and has constantly tried to undermine her work and they think of new ways to attack Plaintiff.

**ORDER GRANTING MOTION TO DISMISS,
WITH LEAVE TO AMEND ~ 1**

1    At some point prior to 2006, Plaintiff was elected to a steward position, and
2  after the election, the individually named Defendants changed the steward
3  position's scope and duties.  In 2006, Plaintiff filed a charge at the EEOC, and in
4  2007, the EE)C issued a decision finding that there was a reason to believe that
5  violations had occurred on the basis of race and gender.  Also, in 2006, Plaintiff
6  filed an internal Human Rights complaint with the International, which Plaintiff
7  alleges failed to process and investigate.  On January, 2007, Plaintiff filed
8  additional charges with the EEOC against the Local and International, alleging race
9  and gender discrimination, and retaliation.  The EEOC issued right to sue letters on
10 August 13, 2007.  Defendant Molnaa has served as the President of HAMTC, and
11 the individuals names in the complaint were members, employees, officers or
12 agents of Local 12-369, HAMTC or the International.
13    Based on these facts, Plaintiff asserts the following causes of actions:
14 Count 1.    Defendants' conduct violates 29 U.S.C. § 411.
15 Count 2.    Defendant International's conduct breaches and violates their
16             Constitution and the Local's By-laws.
17 Count 3.    Defendant International's conduct breaches their fiduciary duty to
18             Plaintiff;
19 Count 4.    Defendant HAMTC's conduct breaches and violates their By-laws;
20 Count 5.    Defendant HAMTC's conduct breaches their fiduciary duty to
21             Plaintiff;
22 Count 6.    All Defendants violated Title VII (except HAMTC and Molnaa); 42
23             U.S.C. § 1981; Washington's Law Against Discrimination;
24 Count 7.    All Defendants unlawfully retaliated against Plaintiff for opposing
25             race and gender discrimination;
26 Count 8.    All Defendants violated duties as members, employees, officers, and
27             agents of Local 12-369, the International, and HAMTC;
28 Count 9.    All Defendants wrongfully interfered with Plaintiff's business

**ORDER GRANTING MOTION TO DISMISS,**
**WITH LEAVE TO AMEND ~ 2**

relationship with her employer.

## DISCUSSION

**A.    Standard of Review**

The purpose of rule 12(b)(6) is to test the sufficiency of the statement of a claim showing that plaintiff is entitled to relief, without forcing defendant to be subjected to discovery. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). The motion to dismiss does not involve evaluating the substantive merits of the claim. *Id.* The standard is viewed liberally in favor of plaintiffs. *Id.* at 1275. Read in conjunction with Fed. R. Civ. P. 8(a), the complaint should be dismissed where plaintiff fails to state an adequate "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court must evaluate whether, in the light most favorable to the pleader, and resolving all discrepancies in the favor of the pleader, the actual allegations asserted raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007).[1] In short, the complaint must provide "plausible" grounds for recovery on its face. *Id.*

Rule 12(b)(6) motions are viewed with disfavor. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). "Dismissal without leave to amend is proper only in 'extraordinary' cases." *Id.*

**B.    Analysis**

As an initial matter, the Court finds that Plaintiff's complaint fails to set forth the plausible grounds for recovery on its face. Moreover, the Court finds the

---

[1]The *Twombly* Court rejected the *Conley v. Gibson*, 355 U.S. 41, 45-56 (1957), standard that held that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 1968-69.

**ORDER GRANTING MOTION TO DISMISS,
WITH LEAVE TO AMEND ~ 3**

complaint deficient for the following reasons: First, the causes of action section is deficient because it does not reference any facts and does not give any indication of which alleged facts are relevant to each stated claim. Second, the complaint fails to indicate which individual defendant or defendants are responsible for which alleged wrongful act. Third, the complaint fails to allege or describe any illegal action or conduct, regardless of who was responsible. Fourth, the Complaint fails to mention Plaintiff's race and fails to allege any act, effect, or result that suggests whether, how, or when Plaintiff was treated differently than others of a different race or gender [or because of her race]. Fifth, the complaint fails to allege any conduct in the wake of filing her EEOC complaint to suggest retaliatory action and finally, the Complaint fails to allege facts that would constitute a violation of 29 U.S.C. § 411.

Plaintiff is granted leave to file an amended complaint to permit her to address these deficiencies.

Both motions ask that the Court dismiss certain claims with prejudice. Plaintiff agrees that she cannot bring a Title VII claim for discrimination or retaliation against the individually-named Defendants.

The individually-named Defendants also argue that they cannot be sued under state law for discrimination or retaliation for acts they have allegedly undertaken as a union official. They argue that counts six (§ 1981, WLAD) and counts seven (retaliation) must be dismissed with prejudice. The Court agrees that § 49.60.190(3) does not provide for individual liability for union discrimination.

In her response, Plaintiff asserts that because she alleged that the individually-named Defendants were acting in concert with the other Defendants, they can be held individually liable for her claim of discrimination under Washington law, citing to Wash. Rev. Code § 49.60.220, which states:

> It is an unfair practice for any person to aid, abet, encourage, or incite the commission of any unfair practice, or to attempt to obstruct or prevent any other person from complying with the provisions of this chapter or any order issued thereunder.

**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND ~ 4**

Wash. Rev. Code § 49.60.220.

In *Jenkins v. Palmer*, 116 Wash. App. 671, 675-77 (2003), the court made the following observations:

> RCW 49.60.220, although broad, focuses on conduct that encourages others to violate the WLAD. The references to "aid, abet, encourage, or incite" and to "prevent any other person from complying" show that the statute applies only where the actor is attempting to or has involved a third person in conduct that would violate the WLAD.

*Id.*

The Court does not find that Plaintiff could not provide a plausible claim for relief under this act. Accordingly, the Court will not dismiss this claim with prejudice at this time, but Defendants can renew their motions after Plaintiff has filed her Amended Complaint.

Also, Plaintiff is asserting a claim for retaliation under Wash. Rev. Code 49.60.210(1).[2] Under Washington law, it is possible for supervisors to be held individually liable for retaliatory conduct. *See Renz v. Spokane Eye Clinic*, 114 Wash. App. 611 (2002). Given the "other person" language contained in this statute, the Court will not dismiss this claim with prejudice.

Defendants also argue that Section 301 of the Labor Management Relations Act (LRMA) bars claims brought against individual union defendants. In reading the Complaint as it stands, it is not clear the exact contours of any claim under Section 301 of LRMA, which permits suits for violations of breaches of the collective bargaining agreement and for breaches of the duty of fair representation. Given the inadequacies of the Complaint, the Court is not in a position to

---

[2]It is an unfair practice for any employer, employment agency, labor union, or other person to discharge, expel, or otherwise discriminate against any person because he or she has opposed any practices forbidden by this chapter, or because he or she has filed a charge, testified, or assisted in any proceeding under this chapter. Wash. Rev. Code § 49.60.210(1).

**ORDER GRANTING MOTION TO DISMISS,
WITH LEAVE TO AMEND ~ 5**

determine whether Claim 8 and 9 should be dismissed with prejudice. Defendants can renew their motions after Plaintiff has filed her Amended Complaint.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO•CLC, Vince Stroops, Claudia Kay Stroops, Jim Woodward and Doris Woodward Motion to Dismiss (Ct. Rec. 31) is **GRANTED**.

2. Defendants' Hanford Atomic Metal Trades Counsel, Dave Molnaa, and Jill Molnaa Motion to Dismiss (Ct. Rec. 37) is **GRANTED**.

3. Defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO•CLC, Vince Stroops, Claudia Kay Stroops, Jim Woodward and Doris Woodward Motion to Dismiss (Ct. Rec. 26) is **DENIED, as moot,** with leave to renew after Defendants have answered the amended complaint.

4. Within 30 days from the day of this order, Plaintiff shall file her Amended Complaint. If Plaintiff does not file an Amended Complaint within 30-day, the above-captioned case will be dismissed.

5. The parties' Stipulation for Order Extending Time for Defendants Domina, et al. to File Reply on Motion to Dismiss (Ct. Rec. 56) is **GRANTED**. Defendants shall file their reply on or before March 7, 2008.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 7th day of March, 2008.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2007\Green\grant.wpd

**ORDER GRANTING MOTION TO DISMISS,
WITH LEAVE TO AMEND ~ 6**