UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHANIE GREEN, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STEEL WORKERS INTERNATIONAL, et al., <br><br> Defendants. | NO. CV-07-5066-RHW <br><br> **ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTIONS TO DISMISS** |

Before the Court is Defendants United Steel Worker Int'l *et al.*'s Motion to Dismiss (Ct. Rec. 69); Defendants Hanford Atomic Metal Trades Council and the Molnaa's Motion to Dismiss (Ct. Rec. 72); and Defendants' Domina, Cruz, Orosco, Knowles, and Miller's Motion to Dismiss Amended Complaint (Ct. Rec. 75). On July 8, 2008, a hearing was held on the motions in Richland, Washington. Plaintiff was represented by Janet E. Taylor. Defendants were represented telephonically by Robert Mitchell, Rebecca Smullin, Peter Nussbaum, Daniel Hutzenbiler. Andrea Clare substituted on behalf of George Fearing.

Plaintiff filed her original complaint on November 9, 2007. On March 7, 2008, the Court granted Defendants' motions to dismiss concluding that the complaint failed to set forth plausible grounds for recovery on its face, but granted leave to amend. On April 4, 2008, Plaintiff filed a twenty-seven page Amended Complaint, alleging ten causes of actions:

Count 1 alleges a claim against Defendant International for violations of §§ 101 and 102 of the Labor-Management Report and Disclosure Act (LMRDA) for

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTIONS TO DISMISS ~ 1**

retaliation for engaging in protected speech;

Count 2 alleges a claim against Defendant HAMTC for violations of §§ 101 and 102 of the LMRDA for retaliation for engaging in protected speech;

Count 3 alleges claims against Defendant International and Defendant HAMTC for violation of § 609 of the LMRDA;

Count 4 alleges claims against the individually-named Defendants for violation of §§ 101 and 102 of the LMRDA;

Count 5 alleges a claim against Defendant International for breach of contract under § 301 of the Labor Management Relations Act (LMRA);

Count 6 alleges claims against the individually-named Defendants for breach of fiduciary duties as officers, in violation of § 501 of the LMRDA;

Count 7 alleges claims against Defendant HAMTC for violation of breach of contract under § 301 of the LMRDA.

Count 8 alleges claims against Defendant International for racial and gender discrimination under Title VII, 42 U.S.C. § 1981, and the Washington Law Against Discrimination;

Count 9 alleges claims against Defendant HAMTC for racial and gender discrimination under Title VII, 42 U.S.C. § 1981, and the Washington Law Against Discrimination; and

Count 10 alleges claims against the individually-named Defendants for racial and gender discrimination under 42 U.S.C. § 1981, and the Washington Law Against Discrimination.

**DISCUSSION**

The purpose of rule 12(b)(6) is to test the sufficiency of the statement of a claim showing that plaintiff is entitled to relief, without forcing defendant to be subjected to discovery. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). A motion to dismiss does not involve evaluating the substantive merits of the claim. *Id.* Indeed, "the issue is not whether a plaintiff will ultimately prevail,

but whether the claimant is entitled to offer evidence to support the claims." *Diaz v. International Longshore and Warehouse Union*, 474 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted).

The standard is viewed liberally in favor of plaintiffs. *Cervantes,* 5 F.3d. at 1275. Read in conjunction with Fed. R. Civ. P. 8(a), the complaint should not be dismissed unless plaintiff fails to state an adequate "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need only satisfy the Rule 8(a) notice pleading standards to survive a Rule 12(b)(6) dismissal. *Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citations omitted). The complaint need not contain detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Id.* (*quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

In ruling on a Rule 12(b)(6) motion, the court must evaluate whether, in the light most favorable to the pleader, resolving all discrepancies in the favor of the pleader, and drawing all reasonable inferences in favor of the pleader, the actual allegations asserted raise a right to relief above the speculative level. *Id.* In short, the complaint must provide "plausible" grounds for recovery on its face. *Id.* Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo*, 521 F.3d at 1104.

Moreover, Rule 12(b)(6) motions are viewed with disfavor. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). "Dismissal without leave to amend is proper only in 'extraordinary' cases." *Id.*

At oral argument, it became clear to the Court that many of Defendants' arguments in favor of dismissal under Rule 12(b)(6) went to the merits of Plaintiff's claims and were not based on a lack of a cognizable legal theory. For instance, Defendant International argued that Plaintiff has failed to show or

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTIONS TO DISMISS ~ 3**

establish a nexus between the exercise of a protected right and some action by Defendant International. Whether Plaintiff can show a nexus between the protected activity and the retaliatory conduct goes to the heart of the merits of her claim. Similarly, counsel for the Individual Defendants argued that Plaintiff cannot sustain a Washington Law Against Discrimination Claim against them because they are, in actuality, more like co-workers than supervisors. These are factual questions that the Court does not resolve in ruling on a motion to dismiss. Even more telling is that counsel for the Individual Defendants invited the Court to take judicial notice of evidence in a companion case. As set forth above, when ruling on a motion to dismiss, the Court does not take judicial notice of anything, except what is alleged in the Complaint.

**A.    Claims under the Labor-Management Report and Disclosure Act (LMRDA)**

The LMRDA establishes certain absolute principles to which all unions must adhere and affords certain fundamental rights to all union members. *Ackley v. Western Conf. Of Teamsters*, 958 F.2d 1463, 1478 (9th Cir. 1992). The Act's overriding objective was to ensure that unions would be democratically governed, and responsive to the will of the union membership as expressed in open, periodic elections. *Finnegan v. Leu*, 456 U.S. 431, 441 (1982). Title 1, section 101(a)(2) of LMRDA grants union members the rights of freedom of speech and assembly, including the right to "express any views, arguments or opinions." 29 U.S.C. § 411(a)(2). Section 102 authorizes a civil action for any person whose rights secured by § 101 have been infringed. 29 U.S.C. § 412. In addition, section 609 provides that a union and its officers may not fine, suspend, expel or otherwise discipline any union members for exercising rights protected under the Act. 29

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTIONS TO DISMISS ~ 4**

U.S.C. § 529.[1]  Section 501(a) sets forth the fiduciary responsibilities and duties of officers of labor organizations and the procedures a union member must follow if he or she seeks to assert a claim under this subsection.  29 U.S.C. § 501.

To state a cause of action for a violation of § 101(a)(2), a union member must allege facts showing that: (1) he or she exercised the right to oppose union policies; (2) he or she was subjected to retaliatory action; and (3) the retaliatory action was a direct result of his or her decision to express disagreement with the union's leadership.  *Casumpang v. International Longshoremen's and Warehousemen's Union, Local 142*, 269 F.3d 1042, 1058 (9th Cir. 2001).  A casual link between the protected activities and a retaliatory action may be inferred from circumstantial evidence.  *Id.*

**Count 1**

In her Amended Complaint, Plaintiff asserts that she filed an internal Human Rights complaint and later voted along with other members of the Local to seek legal counsel to investigate the International's failure to address the Human Rights issues, and shortly thereafter she was illegally removed from her office by International.  The causation link can be inferred from these allegations.  Thus, Plaintiff's allegations set forth the elements of a § 101(a)(2) claim and are sufficient to survive a motion to dismiss.

**Count 2**

Defendant HAMTC argues that Plaintiff does not have standing to assert any claims against it because Plaintiff has not alleged that she is a member of HAMTC.  In her Amended Complaint, Plaintiff asserts that "HAMTC is comprised of

---

[1]In *Finnegan*, the United States Supreme Court explained that section 609 applies to disciplinary action taken in retaliation for the exercise of any right secured under the Act, whereas § 102 protects only rights secured by Title I (§ 101).  *Id.* at 439.

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTIONS TO DISMISS ~ 5**

affiliated labor organizations and has historically been the certified and recognized collective bargaining representative of certain production and maintenance employees performing work for employers at Hanford. United Steelworkers Local 12-369 is a local union of the International and an affiliate member of HAMTC." Additionally, Plaintiff asserts that "HAMTC is the authorized bargaining representative for the members of Local 12-369," and "[a]s an affiliate member of HAMTC, Local 12-369 is subject to the provisions of HAMTC's bylaws." The exact relationship between HAMTC, Local 12-369 and the members of Local 12-369 are factual issues that will need to be developed further before the Court can conclude, as a matter of law, that Plaintiff does not have standing to assert any claims against HAMTC. For this same reason, the Court declines to dismiss Count 7 and Count 9.

Additionally, in her Amended Complaint, Plaintiff alleges the following instances of protected speech: (1) the filing of a complaint with the Washington State Bar Association, and challenging the HAMTC policy that denied the Local use of alternative counsel. Plaintiff alleges three retaliatory actions on the part of the HAMTC Defendants: (1) Defendant Dave Molnaa, president of HAMTC, refused to recognzied her signature authority and (2) Molnaa failed to communicate with her. The causation link can be inferred from these allegations. Thus, Plaintiff's allegations set forth the elements of a § 101(a)(2) claim and are sufficient to survive a motion to dismiss.

**Count 3**

Count 3 is based on § 609 of the LMRDA. Defendants argue that Plaintiff has failed to state a claim for relief under § 609 for two reasons: (1) the Amended Complaint fails to state which LMRDA right was allegedly violated, nor does it allege any connection between the conduct of the unions and the protected activity; and (2) the Amended Complaint fails to allege that Plaintiff was "disciplined" within the meaning of § 609.

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTIONS TO DISMISS ~ 6**

The Court agrees that the retaliatory conduct alleged by Plaintiff in her complaint does not rise to the level of "discipline" as contemplated by § 609. The Supreme Court in *Finnegan* is instructive on this issue:

> Petitioners contend that discharge from a position as a union employee constitutes "discipline" within the meaning of § 609; and that termination of union employment is therefore unlawful when predicated upon an employee's exercise of rights guaranteed to members under the Act. However, we conclude that the term "discipline," as used in § 609, refers only to retaliatory actions that affect a union member's rights or status as a member of the union. Section 609 speaks in terms of disciplining "members"; and the three disciplinary sanctions specifically enumerated-fine, suspension, and expulsion-are all punitive actions taken against union members as members. In contrast, discharge from union employment does not impinge upon the incidents of union membership, and affects union members only to the extent that they happen also to be union employees. We discern nothing in § 609, or its legislative history, to support petitioners' claim that Congress intended to establish a system of job security or tenure for appointed union employees.

456 U.S. at 436-37 (citations omitted).

Plaintiff relies on *Sheet Metal Workers' Int'l Ass'n v. Lynn*, 488 U.S. 347 (1989), to argue that she has stated a claim under § 609. However, *Lynn* is not on point. In *Lynn*, the Supreme Court held that the removal of an *elected* business agent in retaliation for statements he made at a union meeting in opposition to a dues increase sought by the union trustee violated § 102. *Id.* at 355. Indeed, in *Lynn,* the Supreme Court specifically acknowledged that it was not deciding whether removal of an elected official would be a violation of § 609. *Id.* at 353 n.5.

Also, in *Breininger v. Sheet Metal Workers Int'l, Local Union No. 6*, 493 U.S. 67 (1989), the U.S. Supreme Court clarified the meaning of the phrase "otherwise discipline" contained in § 609. Specifically, the Court held that:

> Congress did not intend to include all acts that deterred the exercise of rights protected under the LMRDA, but rather meant instead to denote only punishment authorized by the union as a collective entity to enforce its rules.

*Id.* at 91.

The Court held that discipline refers only to actions "undertaken under color of the union's right to control the member's conduct in order to protect the

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTIONS TO DISMISS ~ 7**

interests of the union or its membership." *Id.*  The Supreme Court rejected that this section covers ad hoc retaliation by individual union officers.  In that case, the union member alleged that the union business manager and the business agent failed to refer him for employment because he supported one of their political rivals.  *Id.*  The Supreme Court held that this was not enough to allege a violation under § 609.

Plaintiff has not alleged facts that would constitute "discipline" as contemplated by § 609.  She has not alleged that the unions took punitive actions against her as a member of the Union that affected her union membership.  As such, Count 3 is dismissed.

### Count 4

In Count 4, Plaintiff alleges that the Individual Defendants refused to permit her to attend meetings, which she should have attended as the elected President of the Local, in violation of § 101(a)(2).  Defendants argue that § 101 does not provide special rights to "duly-elected Presidents."  This is true.  However, Plaintiff, as a member of the union, does have a right to attend certain meetings. Defendants assert that Plaintiff did not have a right to attend such a meeting, but the nature and scope of the meeting, and the reasonableness of preventing Plaintiff from attending the meeting are questions of fact that go to the merits of Plaintiff's claims.  As such, her allegations that Defendants prevented her from attending a meeting survives a Rule 12(b)(6) motion.

### Count 6

The parties agree that Count 6 should be dismissed because Plaintiff has failed to meet the pre-filing requirements of 29 U.S.C. § 501.  The parties disagree about whether the Count 6 should be dismissed with prejudice.  The Court concludes that it would be appropriate to dismiss the claim without prejudice.

**B.    Claims under the Labor Management Relations Act (LMRA)**

Section 301 of the LMRA authorizes the federal courts to hear "suits for

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTIONS TO DISMISS ~ 8**

violation of contracts between any labor organizations." 29 U.S.C. § 185(a). Case law has interpreted a union constitution as a contract between the union and its members, and a member or members may sue the union under section 301(a) for breach of that contract as a third-party beneficiary of that contract. *Wooddell v. International Bhd. of Elec. Workers*, 502 U.S. 93, 101 (1991).

### Count 5

In Count 5, Plaintiff asserts that Defendant International's conduct breaches and violates its Constitution and the Local's bylaws. Defendant argues that Plaintiff cannot maintain an action against it under § 301 based on a violation of the Local's bylaws.

In *Korzen v. Local Union 705, Int'l Bhd. of Teamsters*, 75 F.3d 285 (7th Cir. 1996), the Seventh Circuit held that a suit on a contract between a labor organization and a member is not within the scope of section 301. *Id.* at 288. In an unpublished opinion, the Ninth Circuit cited to *Korzen* and held that the local union constitution was not a contract between two labor organizations. Rather, it was a contract between union members and the local union and was not actionable under § 301. *Bermingham v. Castro*, 1999 WL 644342 (9th Cir. 1999). Based on the reasoning of these cases, the Court concludes that Plaintiff cannot maintain an action against the International for violations of the Local's bylaws.

Defendants also argue that Plaintiff's claims under § 301 are bound by a six-month statute of limitations. The case cited by Defendants appears directly on point. In *Moore v. Local Union 569*, 989 F.2d 1534 (9th Cir. 1993), the plaintiff alleged that the International Union breached the duty imposed by its own constitution to investigate charges properly. *Id.* at 1541. The Circuit cited to *Conley v. Int'l Bhd. of Elec. Workers, Local 639*, 810 F.2d 913 (9th Cir. 1987), where the Circuit made the following observations:

> The essence of Conley's complaint is that the union failed to act fairly on his behalf. Although he does not claim that the union failed to act fairly in representing him before the employer, we do not think

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTIONS TO DISMISS ~ 9**

> that this factor is sufficient to merit application of a state statute of limitations. The case at hand poses the question of a union's duty to its members, and because of the close relation this bears to the federal policy of fair representation generally, it follows that the federal limitations statute applies.

*Id.* at 915.

The Circuit concluded the six-month statute of limitations applied to the Plaintiff's § 301 claim. Likewise, the Court finds that the six-month statute of limitations applies to Plaintiff's § 301 claims.

## C.     Claims under Title VII, 42 U.S.C. § 1981, and the Washington Law Against Discrimination

### Count 8

Defendant International argues that Plaintiff's Title VII claim should be dismissed because it is untimely. Specifically, Defendants argue that the date of the filing of the Amended Complaint, rather than the original Complaint is the operative date for the Title VII 90-day time limit because Plaintiff's original complaint failed to give International notice of the nature of the Title VII claim that is now being alleged in the Amended Complaint. According to Defendants, the original complaint failed to allege a specific transaction, occurrence, or conduct involving the International or any agent of International, other than the International's failure to investigate Plaintiff's internal human rights complaint. Defendant argues that although the Amended Complaint now sets forth specific conduct attributable to International and its agents, none of the conduct "share a common core of operative facts" with the original complaint and asserts that the original Complaint did not give International fair notice of the transaction, occurrence, or conduct now called into question by the Amended Complaint.

The Court disagrees. In the statement of facts in her Original Complaint, Plaintiff attempted to set forth facts showing a Title VII claim against all Defendants, including Defendant International, for race and gender discrimination and retaliation. Although Plaintiff did not allege facts specific enough to survive

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTIONS TO DISMISS ~ 10**

Defendants' Motion to Dismiss the Original Compliant, she did put Defendant International on adequate notice of the Title VII claims raised in the original pleading. In her Amended Complaint, Plaintiff asserts the same claims under Title VII against Defendant International with greater specificity and on the same general factual basis. Defendant International was already a party to this action and had notice of the underlying basis for the action from the date the Original Complaint was served. Accordingly, Defendants had fair notice of the litigation arising out of the same factual situation in the Original Complaint.

### Count 10

The individual Defendants argue that Plaintiff has not alleged that any of them had any control over determining Plaintiff's compensation, and without this, the count should be dismissed. Whether Defendants had control over the determination of Plaintiff's salary is a factual question that goes to the merits of Plaintiff's claim. The crux of Plaintiff's claim is that a white male individual was paid a salary for doing the same work as Plaintiff.

In *Maduka v. Sunrise Hosp*, 375 F.3d 909 (9th Cir. 2004), the Ninth Circuit reiterated that the standard to be employed in a 12(b)(6) motion for a § 1981 discrimination claim is the ordinary rules for assessing the sufficiency of the complaint, not a heightened standard. Thus, "an employment discrimination plaintiff need not plead a prima facie case of discrimination." *Id.* at 911. Thus, Plaintiff is not required to plead anything more than what she has set forth in her complaint.

The individual Defendants argue that Plaintiff cannot assert a claim against them under the Washington Law Against Discrimination. As discussed in the Court's previous order, it is possible for supervisors to be held individually liable for retaliatory conduct under Wash, Rev Code § 49.60.210(1). The exact relationship between the individual Defendants will need to be explored, but for now, Plaintiff's allegations survive a motion to dismiss.

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTIONS TO DISMISS ~ 11**

### D.   Conclusion

The Court denies Defendants Motions to Dismiss, with the following exceptions.  The Court dismisses Count 3 and 6 without prejudice.  The Court dismisses the breach of contract claim set forth in Count 5 insofar as Plaintiff is asserting a claim based on Defendant International's violation of the Local bylaws.  Finally, the Court will apply the six-month statute of limitations to Plaintiff's § 301 claims.

Accordingly, **IT IS HEREBY ORDERED:**

1.   Defendants United Steel Worker Int'l *et al.*'s Motion to Dismiss (Ct. Rec. 69) is **GRANTED**, in part, and **DENIED**, in part.

2.   Defendants Hanford Atomic Metal Trades Council and the Molnaa's Motion to Dismiss (Ct. Rec. 72) is **GRANTED**, in part, and **DENIED**, in part.

3.   Defendants' Domina, Cruz, Orosco, Knowles, and Miller's Motion to Dismiss Amended Complaint (Ct. Rec. 75) is **GRANTED**, in part, and **DENIED**, in part.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 25th day of July, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2007\Green\dismss.ord.wpd

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTIONS TO DISMISS ~ 12**