UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

STEPHANIE GREEN,

    Plaintiff,

v.

UNITED STEEL WORKERS INTERNATIONAL, *et al.*,

    Defendants.

NO. CV-07-5066-RHW

**ORDER ADDRESSING PENDING MOTIONS**

Before the Court are Defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO•CLC's Motion to Renew Motion to Dismiss Cross-Claim (Ct. Rec. 111); Defendants C. Stroops's and D. Woodward's Motion to Dismiss Them as Defendants (Ct. Rec. 114); and Defendants' Karen Alexander, Margie Myers and John Myers Motion to Amend Their Answer to Amended Complaint (Ct. Rec. 122). The motions were heard without oral argument.

Plaintiff filed her original complaint on November 9, 2007. On March 7, 2008, the Court granted Defendants' motions to dismiss concluding that the complaint failed to set forth plausible grounds for recovery on its face, but granted leave to amend. On April 4, 2008, Plaintiff filed a twenty-seven page Amended Complaint. On July 25, 2008, the Court granted, in part, and denied, in part, Defendants' Motion to Dismiss. On August 15, 2008, Defendants Karen Alexander, Margie Myers, and John Myers filed their Answer to the Amended Complaint (Ct. Rec. 110).

**ORDER ADDRESSING PENDING MOTIONS ~ 1**

1. **Defendants' Karen Alexander, Margie Myers and John Myers Motion to Amend Their Answer to Amended Complaint**

Defendants Karen Alexander, Margie Myers, and John Myers seek to amend their answer to include their previously plead cross-claims and third-party complaint. According to Defendants, when they filed their answer to Plaintiff's amended complaint, they inadvertently failed to include the previously asserted cross-claim against United Steel Workers International and a third-party complaint against United Steel Workers Local 12-369. The other Defendants have not demonstrated how they would be prejudiced if the Court were to grant the motion. The Court finds that good cause exists to grant the motion.

2. **Defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO•CLC's Motion to Renew Motion to Dismiss Cross-Claim**

Defendants argues that the cross-claim asserted against it by Defendants Karen Alexander, Margie Myers, and John Myers fail to state a claim upon which relief may be granted.

In their amended answer, Defendants Karen Alexander, Margie Myers, and John Myers made the following assertions:

> Stephanie Green sues, in part if not entirely, Karen Alexander and Margie Myers, for conduct of the United Steel Workers International. Karen Alexander and Margie Myers have tendered the defense of this suit to the United Steel Workers International. The United Steel Workers International has denied tender of the suit. United Steel Workers International holds an obligation to pay the reasonable attorneys fees and costs incurred by Karen Alexander and Margie Myers and any judgment entered against Karen Alexander and Margie Meyers.

The purpose of rule 12(b)(6) is to test the sufficiency of the statement of a claim showing that plaintiff is entitled to relief, without forcing defendant to be subjected to discovery. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). A motion to dismiss does not involve evaluating the substantive merits of the claim. *Id.* Indeed, "the issue is not whether a plaintiff will ultimately prevail,

**ORDER ADDRESSING PENDING MOTIONS ~ 2**

but whether the claimant is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union*, 474 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted).

The standard is viewed liberally in favor of plaintiffs. *Cervantes,* 5 F.3d. at 1275. Read in conjunction with Fed. R. Civ. P. 8(a), the complaint should not be dismissed unless plaintiff fails to state an adequate "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need only satisfy the Rule 8(a) notice pleading standards to survive a Rule 12(b)(6) dismissal. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citations omitted). The complaint need not contain detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Id.* (*quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

In ruling on a Rule 12(b)(6) motion, the court must evaluate whether, in the light most favorable to the pleader, resolving all discrepancies in the favor of the pleader, and drawing all reasonable inferences in favor of the pleader, the actual allegations asserted raise a right to relief above the speculative level. *Id.* In short, the complaint must provide "plausible" grounds for recovery on its face. *Id.* Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo*, 521 F.3d at 1104. Moreover, Rule 12(b)(6) motions are viewed with disfavor. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). "Dismissal without leave to amend is proper only in 'extraordinary' cases." *Id.*

The Court finds that the asserted cross-claim meets the requirements of both Fed. R. Civ. P 8 and 12(b)(6). The assertions contained in the amended answer provides notice to Defendants as to the nature and scope of the claims. Any additional details can be obtained through the discovery process.

///

**ORDER ADDRESSING PENDING MOTIONS ~ 3**

### 3. Defendants' C. Stroops and D. Woodward's Motion to Dismiss Them as Defendants

Defendant C. Stroops and D. Woodward ask the Court to dismiss them from the above-captioned action, without prejudice to their ability to intervene if it becomes necessary later in the proceedings because the Amended Complaint states no claim against them and nothing in state or federal law requires their participation at this stage.

It is true that a resulting judgment for a community obligation is enforceable against the community. *Lyzanchuk v. Yakima Ranches Owners Ass'n, Phase II, Inc.*, 73 Wash.App.1, 11 (1994) (citations omitted). Plaintiff concedes that neither state or federal law requires their participation. However, it is permissible to join the spouses of the named-Defendants. The Court has not found any Washington authority that would preclude a plaintiff from naming the non-wrongdoing spouse solely in their capacity as co-representatives of the community estate. And, as Plaintiff correctly points out, the naming of the spouses eliminates the need to litigate the question of the community nature of the liability subsequently upon execution of the judgment. The interest of justice supports denying Defendants' motion.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO•CLC's Motion to Renew Motion to Dismiss Cross-Claim (Ct. Rec. 111) is **DENIED**.

2. Defendants' C. Stroops' and D. Woodward's Motion to Dismiss Them as Defendants (Ct. Rec. 114) is **DENIED**.

///
///
///
///

**ORDER ADDRESSING PENDING MOTIONS ~ 4**

3.   Defendants' Karen Alexander, Margie Myers and John Myers Motion to Amend Their Answer to Amended Complaint (Ct. Rec. 122) is **GRANTED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 17th day of November, 2008.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2007\Green\dismiss.wpd

**ORDER ADDRESSING PENDING MOTIONS ~ 5**